IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY SCOTT,

              Plaintiff,

vs.                             Case No. 19-3019-SAC

JUDGE JAMES R. FLEETWOOD, et al.,

              Defendants.

## **O R D E R**

This case is before the court upon plaintiff's pro se complaint pursuant to 42 U.S.C. § 1983 and his motion for leave to proceed in forma pauperis.

### I. The complaint

Plaintiff's claims are thinly described and the court has filled them out to some degree by taking judicial notice of State v. Scott, 2017 WL 2210442 (Kan. App. 5/19/2017). The complaint arises from a state district court proceeding where plaintiff's probation was revoked. The complaint names the following defendants who were involved in the proceedings as a judge, a prosecutor or a witness. The defendants are: Judge James R. Fleetwood of the Sedgwick County District Court; Marc Bennett, Sedgwick County District Attorney; Julie Koon, Sedgwick County Assistant District Attorney; and Aaron Crouse, Stephanie Schroeder and Greg Friedman, who were witnesses in the proceedings. During

1

the probation revocation hearing, plaintiff was charged with being under the influence of an unknown substance in violation of a probation condition prohibiting plaintiff from consuming or possessing any alcohol or drugs without a prescription.

Plaintiff's probation was revoked, but the revocation was overturned on appeal to the Kansas Court of Appeals. State v. Scott, 2017 WL 2210442 (Kan. App. 5/19/2017). The appeals court found that the evidence credited by the district court showed that plaintiff had misused his prescription medication. This did not prove the charge that he was under the influence of an unknown substance.[1] Accordingly, the court held that proof had not established the probation violation of which plaintiff had been charged. Plaintiff's complaint seeks damages because his due process rights were violated and he was placed in prison.

II. Standards for review

Under the statute governing in forma pauperis proceedings, 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss a case at any time if the court determines that the action fails to state a claim on which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

---

[1] There was testimony suggesting that plaintiff may have used synthetic marijuana ("K-2"). But, the district court did not rely upon this testimony to find that plaintiff was under the influence of an unknown substance.

2

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' . . . will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

III. Immunity principles

Plaintiff asks for damages against defendants and these claims appear to be barred by long-established principles of immunity. "Absolute immunity is . . . necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." Butz v. Economou, 438 U.S. 478, 512 (1978).

Generally, judges cannot be sued for money damages for actions taken in their capacity as a judge. Mireles v. Waco, 502 U.S. 9 (1991)(per curiam); see also Stump v. Sparkman, 435 U.S. 349, 356-

57 (1978)("[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction")(interior quotations omitted). This is the case "[a]lthough unfairness and injustice to a litigant may result on occasion" because it is of highest importance that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles, 502 U.S. at 10 (interior quotation omitted).

"A prosecutor is absolutely immune for activities which are 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990)(quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). This principle has been applied to prosecutors litigating probation revocation proceedings. E.g., Harris v. Goderick, 608 Fed.Appx. 760, 763 (11th Cir. 2015); Wright v. Fischer, 2000 WL 517788 *3 (7th Cir. 2000).

"Witnesses, including public officials and private citizens, are immune from civil damages based upon their testimony." Snell, 920 F.2d at 686 (citing Briscoe v. LaHue, 460 U.S. 325, 341, 345-46 (1983)); see also Grigsby v. Lemuz, 2015 WL 10945000 *1-2 (D.Kan. 2/12/2015)(immunity applies even to a witness that gave perjured testimony at a criminal trial).

IV. Conclusion

Because plaintiff's claims appear to be barred by the immunity doctrines described above, the court directs plaintiff to show cause by April 8, 2019 why his case should not be dismissed for failure to state a claim.

**IT IS SO ORDERED.**

Dated this 15th day of March, 2019, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge